# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RUBY L. JONES,

        *Plaintiff*,

vs.

Case No. 09-2061-EFM

THE SALVATION ARMY,

        *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Ruby Jones claims that she was discriminated against on the basis of her age by Defendant the Salvation Army. Defendant the Salvation Army's now moves for Summary Judgment (Doc. 21). For the following reasons, the Court dismisses Plaintiff's claims.

## I. Facts

Plaintiff Ruby Jones was hired by the Salvation Army as a residential aid at the Family Shelter in Kansas City, Kansas in June 2002. The Family Shelter serves homeless individuals in a community living format. Its mission is to provide residents a safe and secure community living experience. Jones was born in 1935.

Job openings were posted at the Family Shelter on the same wall as the federal and Kansas employment statutes. Jones admits that she was aware that anyone could apply for a job posted with the Salvation Army and that employees could look for postings on the Salvation Army website.

The position Jones claims she should have been promoted to was the position of Case Manager at the Family Shelter in Kansas City, Kansas. Jones believes that this Case Manager position went online in December 2007 or December 2008. Jones never applied for this position, and she was no longer employed at the Salvation Army in December 2008.

Jones does not remember who got the Case Manager position she believes she should have been promoted to, but thinks it may have been Kathie Howard. Howard was hired as a Family Therapist at the Family Shelter in May 2006.

Carolyn Martin was hired to fill the Program Manager opening for the Family Shelter in May 2006.[1] Martin's office was moved from the shelter to an office at a different location, and Martin seldom came to the shelter. Jones claims that one day when Martin was coming to the shelter, Jones heard her say she "hated coming into that damn shelter." Jones did not talk with Martin about the comment.

Jones asserts that there was camaraderie between staff and residents before Martin became Program Manager, but that after Martin arrived, there was not a feeling of camaraderie. Jones thought this created a hostile work environment.

Martin wanted Jones to work on a team to find housing. After Jones did this, Martin did not thank her. On some occasions, Jones claims Martin would not speak or have anything to say to anyone at the shelter.

At a meeting on July 26, 2007, Martin explained that Eldeen Meyer (born in 1994) was coming out of retirement to help with p.r.n. (as needed) coverage. During this meeting, Martin mentioned that the Salvation Army paid the Kansas City, Kansas Family Shelter to get them out of

---

[1]Jones also believes she would have been qualified for the position of Program Manager in the Family Shelter, but she did not apply for it.

debt every year. Jones mentioned that the Salvation Army offers educational options and advantages, and at some point during the meeting, Jones suggested Evelyn Hayes and LaTrina Hayes as individuals needing an education. After Jones asked about the educational advancement program for herself, she claims that Martin threw her head back and said "No, Ms. Ruby, you've bottomed out. You've gone as far as you can go in the Salvation Army because of your age."

Jones was aware from the policies of the Salvation Army and other documents that if she had an issue with her employment, she could contact Martin or Rick Evans, Director of Recovery Services of the Salvation Army. Jones understood from the harassment policy that if she felt she was being harassed or subject to a hostile work environment, that she should report it to her department head, office administrator, or the director of human resources. Jones never complained to anyone at the Salvation Army about discrimination or hostile work environment while she was employed at the Salvation Army.

On October 3, 2007, Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). In her charge, she checked the box that she was discriminated against on the basis of age. She stated that the date the discrimination took place was at the earliest 7-26-2007 and at the latest 7-26-2007. She described the particulars as:

> I have been employed by the above named employer since June 2, 2002. I am presently working as a Resident Aide.
>
> During a staff meeting on July 26, 2007, I asked the Director what were the educational opportunities for the employees. The Director replied that "you have bombed out - you have gone as far as you can with the Salvation Army because of your age."
>
> I have not been allowed to take advantage of the Educational Advantage Program. A young white female has been allowed to participate in the Program.

I believe that I have been discriminated against in violation of the Age Discrimination in Employment Act.

Jones testified that her reference to a young female who had been allowed to participate in the Educational Program was a reference to Alicia Jones. This individual did not participate in the Educational Program.

On February 5, 2009, Jones filed this lawsuit. When Jones filed the lawsuit, she was *pro se*, but she obtained counsel shortly thereafter and before any discovery occurred. The Pretrial Order was entered on November 20, 2009 and lists two theories of recovery: (1) the Salvation Army subjected plaintiff to a hostile work environment based on her age, in violation of the ADEA; and (2) the Salvation Army failed to promote plaintiff to the position of Case Manager and/or Program Manager at the Kansas City, Kansas Family Shelter based on her age, in violation of the ADEA.[2]

The Salvation Army now seeks summary judgment on the basis that (1) Jones failed to exhaust her administrative remedies with respect to her failure to promote claim; (2) Jones' failure to promote claim is time-barred; (3) even if the failure to promote claim is timely, Jones cannot establish a prima facie case; and (4) Jones cannot establish a hostile work environment claim.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[3] "An issue of

---

[2]Plaintiff does not raise discrimination on the basis of the Educational Advantage Program as a theory of recovery in the Pretrial Order. "[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appear in the complaint." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002). In addition, there is no discussion regarding this claim in her brief, and no facts were presented indicating there was any discrimination that occurred with respect to this issue.

[3]Fed. R. Civ. P. 56(c)).

-4-

fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[4] A fact is "material" when "it is essential to the proper disposition of the claim."[5] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[6]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[7] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[8]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[9] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[11] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[12] The nonmovant's "evidence, including testimony, must be based on more

---

[4] *Haynes v. Level 3 Communications*, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006).

[5] *Id.*

[6] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

[8] *Id.* (citing *Celotex*, 477 U.S. at 325.)

[9] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[10] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[11] *Adler*, 144 F.3d at 671.

[12] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

than mere speculation, conjecture, or surmise."[13]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[14]

In *Shikles v. Sprint/United Management Co.*,[15] the Tenth Circuit reviewed a district court's decision granting summary judgment to the defendant because the plaintiff had failed to exhaust administrative remedies. The circuit noted that although the district court was correct in determining that plaintiff had failed to exhaust administrative remedies, the appropriate disposition should have been to dismiss the case based on a lack of subject matter jurisdiction rather than to grant summary judgment.[16]

## III. Analysis

### A. Failure to Promote Claim[17]

Exhaustion of administrative remedies is a jurisdictional prerequisite under the ADEA in the Tenth Circuit.[18] Thus, a district court must dismiss an unexhausted claim for lack of subject matter jurisdiction.[19] To exhaust administrative remedies, a plaintiff generally must present her claim to the

---

[13]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[14]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[15]426 F.3d 1304 (10th Cir. 2005).

[16]*Id.* at 1317-18.

[17]Defendant asserts that it construes the portion of its brief relating to administrative exhaustion as a Motion to Dismiss.

[18]*Shikles*, 426 F.3d at 1317. Timely filing is not a jurisdictional prerequisite, but filing itself is a jurisdictional prerequisite. *Jones v. Runyon*, 91 F.3d 1398, 1399 n. 1 (10th Cir. 1996).

[19]*Shikles*, 426 F.3d at 1318.

EEOC within 300 days of the challenged discriminatory action.[20] A failure to promote claim is a discrete act and constitutes a separate actionable unlawful employment practice.[21] "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new [300-day] clock for filing charges alleging that act."[22] This exhaustion requirement is equally applicable to discrete acts occurring after the filing of a charge.[23] As such, with respect to discrete discriminatory acts, such as a failure to promote claim, the act must have occurred within 300 days of filing the charge. In addition, if the failure to promote claim occurs after the filing of the charge, the plaintiff must file another EEOC charge.

The Tenth Circuit requires that courts "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to that particular claim."[24] However, the "inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory . . . actions underlying each claim."[25]

Plaintiff asserts that she identified in the charge the discriminatory statement, the meeting in which the statement was made, and the approximate date of the statement. She claims that the

---

[20]*Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006).

[21]*Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 563 U.S. 101, 114 (2002)).

[22]*Haynes*, 456 F.3d at 1222 (citing *Morgan*, 563 U.S. at 113).

[23]*Martinez*, 347 F.3d at 1210-11.

[24]*Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[25]*Id.*

only thing she did not do was use the term "failure to promote," and she provided more than enough information to the EEOC so that it reasonably could have investigated the issues.

The Court cannot find that Plaintiff's failure to promote claim is properly before the Court because she did not include that claim in her EEOC charge. Plaintiff's charge with the EEOC states that she had not been allowed to take advantage of the Educational Advantage Program. Although Plaintiff included language from her Director in which the Director stated "you have bombed out - you have gone as far as you can with the Salvation Army because of your age," this was related as an underlying fact that she was not allowed to take advantage of the educational program. The failure to use the words "failure to promote" is not fatal; however, the failure to allege facts that would support a claim that she was not given a job, position, or promotion by the Salvation Army is fatal. There were no facts or allegations relating to a specific job or position, and assertions regarding educational opportunities would not have reasonably led the EEOC to investigate a failure to promote claim.[26] Accordingly, Plaintiff failed to exhaust her administrative remedies with respect to her failure to promote claim. The Court, therefore, dismisses this claim.

### B. Hostile Work Environment Claim

Defendant asserts that it is entitled to summary judgment on Plaintiff's hostile environment claim because there are no facts indicating a sufficiently hostile or abusive working environment.[27] Plaintiff provides no discussion regarding this claim and has apparently abandoned it. The Court,

---

[26] Indeed, in investigating the charge, the EEOC appears to only have requested information about the educational grants program and participants in this program.

[27] Defendant did not raise administrative exhaustion and subject matter jurisdiction with respect to the hostile environment claim but instead addressed the issue as Plaintiff being unable to present sufficient facts to survive summary judgment on this claim. "Subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings. Exhaustion of administrative remedies is a jurisdictional prerequisite to filing Title VII claim in federal court." *See Edmond v. Athlete's Foot Group*, 1997 WL 699053, at *1, 129 F.3d 130 (10th Cir. 1997) (citations omitted).

however, must satisfy itself that "judgment for the moving party is 'appropriate' under Rule 56."[28]

As noted above, a plaintiff must exhaust administrative remedies before this court will have jurisdiction over a claim. In *Mitchell v. City and County of Denver*,[29] the Tenth Circuit found that a plaintiff's charge with the EEOC concerning failure to promote allegations could not reasonably be expected to include a hostile environment claim. In that case, plaintiff asserted in his EEOC charge that the earliest and latest date of discrimination were the same date, but he also checked the box for continuing.[30] In addition, the plaintiff set forth in his statement a specific date of discrimination but also stated that it was "continuing."[31] He also relayed several incidents of discriminatory treatment, one discriminatory comment, and that he previously filed a charge of discrimination in 1986.[32]

The circuit found that "[t]o lay a factual foundation for a hostile work environment claim, [plaintiff] must allege facts indicating a workplace 'permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"[33] It then determined that the factual allegations in the EEOC charge were insufficient to allege a hostile work environment and concluded that plaintiff's claim should be dismissed for failure to exhaust administrative remedies.[34]

---

[28]*Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[29]112 F. App'x 662 (10th Cir. 2004).

[30]*Id.* at 667.

[31]*Id.*

[32]*Id.*

[33]*Id.* (citing *Davis v. United States Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)).

[34]*Id.*

In this case, Plaintiff's EEOC charge contains even fewer allegations that would support a claim of a hostile work environment. She indicated that the earliest and latest date discrimination occurred was 7-26-2007. She did not check the continuing box. In the particulars, she only alleged one incident of discrimination on the basis of not being allowed to participate in an educational program that occurred on July 26, 2007. There were no allegations of continuing discrimination or a workplace permeated with discriminatory intimidation.

In sum, there were no allegations that would support Plaintiff alleging a hostile work environment claim to the EEOC, and the factual allegations were insufficient to have reasonably lead the EEOC into an investigation of this claim. Accordingly, the Court dismisses Plaintiff's hostile work environment claim for failure to exhaust administrative remedies.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's claims are dismissed sua sponte for lack of subject matter jurisdiction for failure to exhaust administrative remedies. The Salvation Army's Motion for Summary Judgment (Doc. 21) is denied as moot.

**IT IS SO ORDERED**.

Dated this 23rd day of September, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE